UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY WILLS, JR., *on his own behalf and on behalf of others similarly situated*,

                    Plaintiff,

-against-

CEZAR HAXHARI, et al.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2024

1:23-cv-4840 (MKV)

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff has persistently failed to comply with court orders and prosecute this case, which has been pending at the pleading stage for more than a year, even though the Court has previously issued two Orders To Show Cause and numerous warnings about the possibility of dismissal for failure to prosecute [ECF Nos. 44, 46, 49, 56, 61, 65].  Plaintiff initiated this case in June 2023, naming as defendants (1) the City of New York, New York City Department of Housing Preservation and Development, New York City Human Resources Administration, and New York City Housing Development Corporation (collectively, "the City"); (2) Cezar Haxhari and Cezar H. LLC; and (3) MGNY Consulting Corp. ("MGNY") [ECF No. 1].  As set forth below, Plaintiff's failures to comply with court orders and prosecute this case began soon after he filed the original complaint, and the Court has spent significant time repeatedly prompting Plaintiff to prosecute his case and warning him that he faces dismissal for failure to prosecute.  While Plaintiff settled with Defendants Cezar Haxhari and Cezar H. LLC, his claims still loom over the City and MGNY, whose motions to dismiss have been pending, without a response from Plaintiff, since November 2023.  Because of Plaintiff's failures, this case has languished on this Court's docket, burdening the Court and the remaining defendants.  Accordingly, for the reasons set forth below, Plaintiff's case is DISMISSED with prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

## I. PROCEDURAL HISTORY

Approximately one year ago, the City filed a pre-motion letter requesting leave to file a motion to dismiss [ECF No. 35]. In setting a briefing schedule for the City's contemplated motion to dismiss, the Court directed Plaintiff to file a letter by a certain deadline informing the Court and the defendants whether he intended to amend his pleading [EC No. 40]. The Court warned Plaintiff that this would be "**Plaintiff's last opportunity to amend in response to arguments raised in the pre-motion letter**" [ECF No. 40 at 1 (emphasis in original)]. Plaintiff, however, failed to comply with the Court's Order.

As such, the Court issued an Order To Show Cause dated October 16, 2023 [ECF No. 44 ("First Order To Show Cause")]. The Court directed Plaintiff to "show cause, in writing, why Plaintiff has failed to comply with the Court's deadlines and prosecute his case." First Order To Show Cause at 1. The Court also clearly warned Plaintiff: "**Continued failure to comply with court orders or any rule of this Court will result in dismissal of this action for failure to prosecute**." First Order To Show Cause at 1 (emphasis in original).

In response to the Court's First Order To Show Cause, Plaintiff filed a letter stating simply that he intended to amend his complaint and to settle his claims against Defendants Cezar Haxhari and Cezar H. LLC [ECF No. 45]. He did not explain why he had failed to comply with the Court's earlier Order or otherwise show cause why his case should not be dismissed. Nevertheless, the Court declined to impose sanctions and allowed Plaintiff to amend, despite his failure to meet the original deadline to file a letter regarding his intention to amend, the Court's earlier warning that he would not be given another opportunity, and Plaintiff's failure to provide an explanation for his noncompliance [ECF No. 46]. Instead of imposing sanctions, the Court issued another warning:

"Plaintiff is on notice that failure to comply with court orders or any rule of this Court may result in dismissal of this action for failure to prosecute" [ECF No. 46].

The Court later issued an order reminding Plaintiff to either dismiss or prosecute his claims against Defendants Cezar Haxhari and Cezar H. LLC, with whom Plaintiff had said he intended to settle [ECF No. 49]. The Court set a deadline for Plaintiff to file a notice of voluntary dismissal. The Court warned Plaintiff that failure to comply could result in "preclusion of claims, . . . monetary penalties and/or dismissal of this action" [ECF No. 49]. Plaintiff failed to comply with the Order because he filed only a deficient notice by the deadline and did not file a proper notice of voluntary dismissal until the following week [ECF Nos. 50, 55].

Thereafter, in an Order dated November 13, 2023, the Court directed the parties to proceed with briefing of motions to dismiss by the City and MGNY, as outlined in two earlier Orders [ECF Nos. 56, 49, 40]. The Court yet again warned: "**Failure to comply with this Order or any Rule of this Court may result in . . . dismissal of this action**" [ECF No. 56 (emphasis in original)]. The City and MNGY filed their motions to dismiss in November 2023 [ECF Nos. 57, 58, 59, 60]. However, Plaintiff failed to file an opposition or take any other action to prosecute his case for approximately eight months.

Accordingly, the Court issued another Order To Show Cause why Plaintiff's case should not be dismissed for failure to prosecute [ECF No. 61 ("Second Order To Show Cause")]. In the Second Order To Show Cause, the Court mentioned some examples of Plaintiff's previous failures to comply with court orders and prosecute this case. The Court specifically warned that, "[g]iven the history" of Plaintiff's noncompliance, "the Court is inclined to impose sanctions." Second Order To Show Cause at 1. The Court also specifically directed Plaintiff's counsel to explain why

the Court should not impose monetary sanctions on counsel, in lieu of the harsher sanction of dismissal for failure to prosecute. *Id.*

Plaintiff's counsel filed a response to the Court's Second Order To Show Cause stating that he has suffered from health problems [ECF No. 64]. Counsel assured the Court, however, that he was catching up on his work and requested an extension of time to file an opposition to the pending motions to dismiss this case.

In an Order dated July 18, 2024, the Court "decline[d] to impose sanctions" and granted the request of Plaintiff's counsel for an extension of time to oppose the motions to dismiss [ECF No. 65 ("Final Warning Order")]. The Court gave Plaintiff three more weeks to oppose motions that had already been pending for eight months. The Court wrote: "Plaintiff must file an opposition by August 8, 2024. This is Plaintiff's final opportunity to oppose the pending motions to dismiss. Failure to comply with this Order and to prosecute this case may result in sanctions, including dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." In giving Plaintiff this final warning, the Court also explicitly warned: "Plaintiff is on notice that it is ultimately his responsibility to prosecute his case, which may be dismissed because of his chosen counsel's conduct." Final Warning Order.

Plaintiff ignored the Court's Final Warning Order. To date, Plaintiff still has not filed an opposition to the motions to dismiss, which have been pending since November 2023. To make matters worse, he did not request an extension of time, or take any other action to prosecute this case in accordance with the Court's Order.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See*

Fed. R. Civ. P. 41(b).  Dismissal for failure to prosecute is "the harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).  Nevertheless, that sanction is justified here.

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal.  *See Baptiste*, 768 F.3d at 216.

The Court has carefully weighed each of these factors and concludes that dismissal is clearly warranted.  The first factor, the duration of Plaintiff's noncompliance, weighs in favor of dismissal.  As explained above, Plaintiff's failures to comply with court orders and prosecute this case began not long after he filed the original complaint.  Indeed, the Court issued the First Order To Show Cause ten months ago, in October 2023 [ECF No. 44].  The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal.  *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (ruling that a seven-month period of inaction was "significant" for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

Second, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case could result in dismissal.  The Court has issued two prior Orders To Show Cause why the case should not be dismissed [ECF Nos. 44, 61].  Over the life of this case, the Court has warned Plaintiff about the possibility of dismissal at least six times [ECF

Nos. 44, 46, 49, 56, 61, 65]. The Court also put Plaintiff personally "on notice that it is ultimately his responsibility to prosecute his case, which may be dismissed because of his chosen counsel's conduct." Final Warning Order. These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468.

Third, the Court finds that the remaining defendants, the City and MGNY, are likely to be prejudiced by further delay. Their motions to dismiss have been pending since November 2023. Because of Plaintiff's failure to comply with court orders and file an opposition, this case has stalled at the pleading stage, and discovery has not yet begun. If the Court were to give Plaintiff even more time to file an opposition and then deny the motions to dismiss, the City and MGNY could be prejudiced in their abilities to mount a defense because the events at issue have grown stale while Plaintiff has failed to prosecute his case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence becomes increasingly unlikely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs strongly in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot spend its days imploring plaintiffs to prosecute them. The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including a recent three-week extension of time to oppose the pending motions to dismiss [ECF No. 65]. Plaintiff failed to take that opportunity.

Finally, the Court has considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. In the Court's Second Order To Show Cause, the Court specifically directed Plaintiff's counsel to explain

why the Court should not impose monetary sanctions on counsel in lieu of dismissing this case [ECF No. 61]. The Court also specifically warned Plaintiff that it was inclined either to impose monetary sanctions, or to dismiss this case. In Plaintiff's response to the Second Order To Show Cause, counsel explained that he has experienced health problems but assured the Court he had taken the steps necessary to fulfill his obligations going forward [ECF No. 64]. As such, the Court declined to fine counsel and put Plaintiff on notice that he is ultimately responsible for prosecuting his own case, which may be dismissed because of his chosen counsel's conduct. Second Order To Show Cause; *see Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962). Nevertheless, Plaintiff failed to comply with the Court's Order. He has not filed an opposition to the motion to dismiss, requested a further extension of time to do so, or sought new counsel. In this circumstance, the Court finds that dismissal is the appropriate sanction.

Accordingly, IT IS HEREBY ORDERED that this case is dismissed, with prejudice, for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court respectfully is requested to terminate the motions pending at docket entries 57 and 59 and to close this case.

**SO ORDERED.**

Date:  **August 12, 2024**  
       **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**